IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| **FLOYD BUTLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 5:12cv022 |
| | ) | |
| v. | ) | |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | By: Hon. Michael F. Urbanski |
| **ACTING COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **ORDER**

This social security disability appeal is before the court for review of the Report and Recommendation issued in this case by the magistrate judge on January 24, 2013, in which it is recommended that this matter be remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration. The Commissioner has filed an objection to the Report and Recommendation pursuant to Federal Rule of Civil Procedure 72(b).

The court has reviewed the magistrate judge's report, the objections to the report, and the pertinent portions of the administrative record and, in so doing, made a de novo determination of those portions of the report to which the Commissioner objected. The court finds that the magistrate judge was correct in concluding that the ALJ's determination of the Butler's residual functional capacity ("RFC") is not supported by substantial evidence in the record. First, as noted by the magistrate judge, it appears that the ALJ did not account for and indeed, misquoted, probative exhibits in the medical record. Second, the ALJ improperly afforded greater weight to a non-treating, non-examining consultative examiner's opinion, an opinion that, because of its age, does not reflect more recent medical evidence.

As a result, there are two aspects of Butler's RFC that are called into question. First, the RFC does not contain a restriction requiring a cane but the objective medical evidence reveals that claimant requires a cane to walk. Despite his use of a cane, the ALJ found that Butler could perform a modified range of light work, including standing for two out of eight hours. Second, while Dr. Stevens and Dr. Milligan each indicate that Butler suffers bilateral manual dexterity limitations, neither the RFC nor the hypothetical question posed to the vocational expert included any restrictions on his manual dexterity. As such, this case must be remanded for consideration of the entirety of Dr. Stevens' and Dr. Milligan's opinions and a RFC determination consistent with the entire medical record.

Accordingly, it is therefore **ORDERED** and **ADJUDGED** that the Commissioner's motion for summary judgment (Dkt. No. 11) is **DENIED**, Butler's motion for summary judgment (Dkt. No. 9) is **GRANTED**, and the report and recommendation (Dkt. No. 14) is **ADOPTED in its entirety**, this case will be **REMANDED** to the Commissioner for further consideration consistent herewith pursuant to sentence four of 42 U.S.C. § 405(g), and this matter is **STRICKEN** from the active docket of the court.

**IT IS SO ORDERED.**

The Clerk is directed to send a certified copy of this Order to all counsel of record.

Entered: May 31, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge